Lisa S. Kantor, Esq. State Bar No. 110678
 e-mail: lkantor@kantorlaw.net
Elizabeth K. Green, Esq. State Bar No. 199634
 e-mail: egreen@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone:  (818) 886-2525
Facsimile:   (818) 350-6272

Attorneys for Plaintiff,
JENNIFER SHROYER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER SHROYER,<br><br>   Plaintiff,<br><br>   vs.<br><br>THE HSBC - NORTH AMERICA (U.S.) FLEXIBLE BENEFITS PLAN; BLUECROSS BLUESHIELD OF ILLINOIS,<br><br>   Defendants. | CASE NO:<br><br>COMPLAINT FOR:<br><br>BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS |

   Plaintiff, Jennifer Shroyer, herein sets forth the allegations of her Complaint against Defendants The HSBC - North America (U.S.) Flexible Benefits Plan, and BlueCross BlueShield of Illinois.

---

1                                                                                   COMPLAINT

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction" - This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.  This action is brought for the purpose of obtaining benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan administered by Defendant.  Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and postjudgment interest, and attorneys' fees and costs.

2. Plaintiff, Jennifer Shroyer, was at all times relevant, a resident in the County of Placer, State of California.  Plaintiff was at all times relevant a covered participant under an employee welfare benefit plan regulated by ERISA, pursuant to which Plaintiff was entitled to health insurance benefits.

3. Plaintiff is informed and believes that Defendant The HSBC - North America (U.S.) Flexible Benefits Plan ("the Plan") is the ERISA Plan under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to health care benefits.  The Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

4. Plaintiff is informed and believes that Defendant BlueCross BlueShield of Illinois ("BCBS") is a corporation with its principal place of business in the State of California, authorized to transact and transacting business in the Eastern District of California and can be found in the Eastern District of California.  BlueCross BlueShield is the claims administrator, with a fiduciary role, and acted in the capacity of a claims administrator.

5. Defendants are doing business in this judicial district, in that they cover participants residing in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) (special venue rules applicable to ERISA actions).

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS THE HSBC - NORTH AMERICA (U.S.) FLEXIBLE BENEFITS PLAN AND BLUECROSS BLUESHIELD OF ILLINOIS FOR DENIAL OF BENEFITS

6. At all times herein mentioned, Plaintiff was a covered participant under the terms and conditions of the Plan.

7. At all times herein mentioned, Plaintiff has suffered and continues to suffer from anorexia nervosa, bulimia, depressive disorder, obsessive compulsive disorder and insomnia.

8. Plaintiff sought treatment for her physical and mental health disorders at Center for Hope of the Sierras in Reno, Nevada from August 28, 2007 to November 27, 2007. Plaintiff timely submitted claims for the treatment.

9. Defendant Plan, through its claims administrator BCBS, wrongfully denied payment of benefits for such treatment. Plaintiff appealed the denial and Plaintiff's appeals were denied.

10. Defendants wrongfully denied Plaintiff's claims for medical benefits in the following respects:

    (a) Failure to pay medical benefits to Plaintiff at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the plan;

    (b) Failure to provide prompt and reasonable explanations of the bases relied on under the terms of the plan documents, in relation to the applicable facts and plan provisions, for the denial of Plaintiff's claims for medical benefits;

  (c) After Plaintiff's claims were denied in whole or in part, failure to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claims along with an explanation of why such material is or was necessary;

  (d) Failure to properly and adequately investigate the merits of Plaintiff's medical claims and/or provide alternative courses of treatment.

11. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied Plaintiff's claims for medical benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and of which Plaintiff will immediately make Defendant aware once said acts or omissions are discovered by Plaintiff.

12. Following the denial of Plaintiff's claims for medical benefits under the Policy, Plaintiff has exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed.

13. As a proximate result of the denial of medical benefits due Plaintiff, Plaintiff has been damaged in the amount of all of the medical bills incurred, in a total sum to be proven at the time of trial.

14. As a further direct and proximate result of this improper determination regarding Plaintiff's medical claims, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

15. The wrongful conduct of the Defendants has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce her rights under the terms of the plan and to clarify her right to future benefits under the terms of the plan.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS THE HSBC - NORTH AMERICA (U.S.) FLEXIBLE BENEFITS PLAN AND BLUECROSS BLUESHIELD OF ILLINOIS FOR EQUITABLE RELIEF

16. Plaintiff refers to and incorporates by reference paragraphs 1 through 15 as though fully set forth herein.

17. As a direct and proximate result of the failure of the Defendants to pay claims for medical benefits for Plaintiff, and the resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):

(a) Restitution of all past benefits due to Plaintiff, plus prejudgment and postjudgment interest at the lawful rate;

(b) A mandatory injunction requiring Defendant to immediately qualify Plaintiff for medical benefits due and owing under the Plan, and;

(c) Such other and further relief as the Court deems necessary and proper to protect Plaintiff's interests as a participant under the Plan.

## REQUEST FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendants as follows:

1. Payment of health insurance benefits due to the Plaintiff under the Plan;

2. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

3. Payment of prejudgment and postjudgment interest as allowed under ERISA; and

4. For such other and further relief as the Court deems just and proper.

DATED: November 15, 2010              KANTOR & KANTOR, LLP

                                       BY: _____
                                           Lisa S. Kantor
                                           Attorneys for Plaintiff,
                                           Jennifer Shroyer