LISA S. KANTOR, Bar No. 110678
Email: lkantor@kantorlaw.net
ELIZABETH K. GREEN, Bar No. 199634
Email: egreen@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Fax: (818) 350-6272

Attorneys for Plaintiff
JENNIFER SHROYER

NANCY L. OBER, Bar No. 49683
Email: nlober@littler.com
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Fax: 415.399-8490

Attorneys for Defendants
THE HSBC - NORTH AMERICA (U.S.)
FLEXIBLE BENEFITS PLAN and
BLUECROSS BLUESHIELD OF ILLINOIS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER SHROYER,<br><br>       Plaintiff,<br><br>vs.<br><br>THE HSBC - NORTH AMERICA (U.S.) FLEXIBLE BENEFITS PLAN and BLUECROSS BLUESHIELD OF ILLINOIS,<br><br>       Defendants. | Case No. 10-CV-03079-LKK-DAD<br><br>**JOINT STATUS REPORT**<br><br>Date:     January 31, 2011<br>Time:    2:30 p.m.<br>Location: Hon. Lawrence K. Karlton's<br>             Chambers, Courtroom 4<br>             501 "I" Street<br>             Sacramento, CA 95814<br><br>Complaint Filed: November 15, 2010 |

Pursuant to Federal Rules of Civil Procedure, Rules 16 and 26(f), this Court's Order Setting Status (Pretrial Scheduling) Conference of November 16, 2010, and the Local Rules of this Court, Plaintiff JENNIFER SHROYER (hereinafter "Plaintiff"), represented by Lisa S. Kantor of Kantor & Kantor LLP, and Defendants THE HSBC - NORTH AMERICA (U.S.) FLEXIBLE BENEFITS PLAN; BLUECROSS BLUESHIELD OF ILLINOIS (hereinafter "Defendants"),

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT STATUS REPORT                                              Case No. 10-CV-03079-LKK-DAD

represented by Nancy L. Ober of Littler Mendelson, submit this Joint Status Report, following the meeting of counsel as required by Rule 26(f).

### A. Brief Summary of the Case

This is an ERISA case in which the Plaintiff seeks benefits for treatment for anorexia nervosa, bulimia, depressive disorder, obsessive compulsive disorder and insomnia. Plaintiff was treated for these conditions at Center for Hope of the Sierras in Reno, Nevada from August 28, 2007 to November 27, 2007.

Plaintiff contends that, on August 20, 2007 and May 15, 2008, a staff member at Center for Hope called Defendant BlueCross BlueShield of Illinois ("BCBS") and was incorrectly told that there was no coverage for residential treatment under the terms of Defendant The HSBC - North America (U.S.) Flexible Benefits Plan ("the Plan"). Plaintiff later this misrepresentation and, in December 2008, within fifteen months of Plaintiff's discharge, all claims were submitted to defendants regarding this treatment. Defendants paid for fifteen days of Plaintiff's treatment. Nevertheless, in or about February 2009, defendants improperly denied the remaining claims on the ground that they were untimely. On February 13, 2009, Plaintiff, through Center for Hope, time appealed this denial. Defendants took no steps with respect to the appeal.

Defendant contends that the Defendant Plan, through its claims administrator Defendant BCBS, denied payment of benefits for this treatment on the ground that the claims were untimely submitted. The Plan requires that claims be submitted within 15 months after the date the expense was incurred. Plaintiff through her provider, Center for Hope of the Sierras, appealed the denial. BCBS requested further information in order to evaluate whether the claims were timely under the terms of the Plan. Plaintiff failed to provide the requested information, and no further action was taken with respect to the appeal. It is Defendants' position that Plaintiff abandoned her appeal. Even if the claims had been timely submitted, however, Plaintiff's treatment at Center for Hope of the Sierras is not covered by the Plan, which excludes treatment at a residential treatment center, and in-patient hospitalizations without preauthorization.

### B. Status of Service of Process

All parties have been served and have appeared.

C. **Possible Joinder of Additional Parties**

The parties do not anticipate the joinder of additional parties at this time.

D. **Contemplated Amendments to the Pleadings**

The parties do not anticipate amending the pleadings.

E. **Statutory Basis for Jurisdiction and Venue**

This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (ERISA) as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. Venue in this District is appropriate under 29 U.S.C. § 1132(e)(2).

F. **Anticipated Motions**

Defendants anticipate filing a motion for summary judgment.

G. **Anticipated Discovery and the Scheduling Thereof**

The parties have agreed to exchange Initial Disclosures on or before February 14, 2011 (within 14 days after the scheduled Rule 26 conference). Defendants will provide Plaintiff with a copy of the applicable administrative claim file(s) at that time. The parties agree that all discovery shall be completed by June 1, 2011.

The parties agree that under *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006), the court's review is generally limited to the administrative record when considering whether the plan administrator abused its discretion in denying a claim. The parties disagree on whether a conflict of interest exists warranting discovery beyond the administrative record.

<u>Plaintiff's Position on Scope of Discovery</u>: Plaintiff alleges that she is entitled to discovery aimed at completing the applicable claim file(s) (if necessary) and to explore Defendants' potential conflict of interest in denying Plaintiff's claim for benefits. In *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006), the Ninth Circuit affirmed *Tremain v. Bell Industries*, 196 F.3d 970 (9th Cir. 1999), and expressly held that evidence outside of the administrative record is permitted in ERISA actions to aid the court in determining the "nature, extent and effect" of an administrator's structural (inherent) conflict of interest on the claims decision. *Id.* at 970.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco CA 94108 2693
415 433 1940

Accordingly, Plaintiff may conduct discovery and present evidence to the Court regarding Defendant's conflict of interest, such as "any evidence of malice, of self-dealing, or of a parsimonious claims-granting history," "inconsistent reasons for denial," inadequate investigation of a claim or failing to ask the Plaintiff for necessary evidence, failing "to credit a claimant's reliable evidence," and making decisions against the weight of evidence in the record. Id. at 968.

The Supreme Court endorsed the *Abatie* approach in *Metropolitan Life Ins. Co. v. Glenn*, 128 S. Ct. 2343 (2008), holding that a conflict of interest "should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration." *Id.* at 2351.

Depending on the initial disclosures made by Defendants, Plaintiff anticipates serving limited written discovery, consisting of interrogatories and requests for production, on the nature, extent and effect of Defendants' conflict of interest. Plaintiff may also seek to depose pertinent witnesses on the same issue.

<u>Defendants' Position on Scope of Discovery</u>: Defendants maintain that there is no apparent conflict of interest warranting discovery outside the administrative record as permitted by *Abatie*. Here, the entity making claims decisions (BCBS) is not the entity that funds health benefits (the Plan). The Plan is self-insured, and health benefits are paid from the general assets of the Plan sponsor, HSBC -- North America Holdings Inc. Because the entity deciding claims is not the entity funding benefits, there is no structural conflict under *Abatie* and *Glenn*.

The parties do not anticipate the need for a discovery conference at this time.

**H.  Deadline for Summary Judgment and Other Non-Discovery Motions**

The parties agree that any summary judgment motions or other non-discovery motions shall be filed no later than July 1, 2011.

**I.  Proposed Dates for Trial and Pre-trial Conference**

The parties anticipate no more than a one-day bench trial.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco CA 94108 2693
415 433 1940

JOINT STATUS REPORT                    4.                    Case No. 10-CV-03079-LKK-DAD

The parties request the simultaneous exchange of Opening Trial Briefs followed by Responding Trial Briefs for this matter. The Parties propose the Opening Trial Briefs be filed by August 19, 2011, and the Responsive Trial Briefs be filed by September 9, 2011.

The parties propose a trial date of September 20, 2011.

J.  **Length of Jury Trial**

Not applicable. This will be a bench trial.

K.  **Special Procedures Such As Reference to Magistrate Judge**

Plaintiff is willing to have this matter tried by the Magistrate Judge.

Defendants do not believe that any special procedures are required, but are also willing to have this matter tried by the Magistrate Judge.

L.  **Modifications to Pre-Trial Procedures**

The parties assert this matter is appropriate for a waiver of the Court's pre-trial requirements, pursuant to Ninth Circuit precedent. The parties agree that the matter should be decided on the basis of the parties' trial briefs and the administrative claims file. Plaintiff submits that any extrinsic evidence submitted by Plaintiff for consideration under *Nolan v. Heald College*, 551 F.3d 1148 (9th Cir. 2009) should also be considered. Defendants believe that under *Abatie*, consideration of extrinsic evidence is not appropriate unless the plan administrator operated under a structural conflict of interest, which is not the case here.

M.  **Related Cases**

The parties are not aware of any related cases.

N.  **Settlement Procedures**

The parties do not believe that referral to the Voluntary Dispute Resolution Program pursuant to Local Rule 271 is appropriate at this time.

O.  **Other Matters Conducive to Just and Expeditious Disposition**

The parties are not aware of any other matters which would aid the court in a just and expeditious disposition of this matter.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco CA 94108 2693
415 433 1940

JOINT STATUS REPORT          5.          Case No. 10-CV-03079-LKK-DAD

**P.    Telephonic Appearances Requested**

Counsel for both parties maintain their offices outside of the Eastern District (Northridge for Plaintiff and San Francisco for Defendants). The parties respectfully request authorization for telephonic appearances at the Status Conference.

Dated: January 19, 2011

/s/ Lisa S. Kantor
LISA S. KANTOR
ELIZABETH K. GREEN
KANTOR & KANTOR
Attorneys for Plaintiff
JENNIFER SHROYER

Dated: January 19, 2011

/s/ Nancy L. Ober
NANCY L. OBER
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
THE HSBC - NORTH AMERICA (U.S.) FLEXIBLE BENEFITS PLAN and BLUECROSS BLUESHIELD OF ILLINOIS

Firmwide:99716843.1 023404.1069

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

JOINT STATUS REPORT            6.            Case No. 10-CV-03079-LKK-DAD